Chief Justice Watkins delivered the opinion of the Court. This case was before this court at the January Term, 1848, reported in 3 Eng. 477. As appears from the record then, adjudicated, it was an action of debt brought by Hubbard as administrator of Brown, against-Nelson and Bankhead, on a forfeited delivery bond, in which judgment by default was entered against the defendants in the Circuit Court, and the court proceeded to-assess the damages and rendered final judgment, which was reversed, because of the error of the court below, in assessing the-damages without the intervention of a jury. If required to review all the proceedings disclosed by the record before us, they would present a succession of errors and irregularities running through a period of over ten years,, during which the intestate and his administrator have been endeavoring to enforce the payment of a debt repeatedly acknowledged and never denied. These proceedings, if detailed, would be a reproach upon the law and its administration, attributable to the unfortunate legislation of former years, respecting, delivery bonds, and the opinions of this court holding certain judgments to be absolutely void, which are now understood to be voidable only, oír reversible for error. But, according to the view we take of the case, it is unnecessary to review all these proceedings. When a judgment is reversed for error, in the proceedings of the court below, and remanded to be proceeded in according- to law, and not inconsistent with the opinion of this court, it is always understood that the proceedings, in the court below, prior to the fault or error which is ascertained by this court to exist, are in no wise reversed or vacated by the adjudication of the appellate court, but the fault or error adjudicated is the point from which the cause is to progress anew. In a criminal case, and so in a civil case, if the sentence or judgment of the court is inconsistent with, or not warranted by the verdict, the cause is remanded only for the purpose of having the proper sentence of judgment entered. Where a defendant, who has suffered judgment to go by default, may appear to the inquiry of damages; and, if upon error, the judgment is reversed, because of any fault or error in the assessment, that is the proceeding corrected and required to be had anew in the court below. If the reversal is for insufficient notice to the defendant of the pendency of the suit, that being the first error,, he will stand in the court below, upon the remanding of the case, as if duly served with process-. Here it is not pretended that the original default was irregularly entered. The defendants were regularly summoned, and are to be regarded as being in contempt of court for not appearing, and the default stands as an admission of the justness of the plaintiffs claim. Such, was the attitude of the parties when this cause was remanded, and unless the defendants appeared, and for good cause shown, had the default set aside and leave to plead to the action, all that the court below could do, was to cause a jury to be summoned and have the plaintiffs damages-assessed, and render final judgment. Up to the first error adjudicated by this court, the cause stood in the court below precisely as if it had never left it, and clearly, upon a proper showing, the court below might have set aside the default, on terms or without terms, according to its sound discretion, and admitted the defendants to plead. On the remanding of the cause the defendants filed their prayer of oyer, which, on the motion of the plaintiff, the court properly struck from the files. The defendants then filed their motion to set aside the judgment by default, stating, as the grounds thereof, various irregularities in the proceedings of the circuit court prior to the giving of the delivery bond upon which the suit was brought. The motion alleged that the original judgment was obtained by the intestate, upon which there was execution and a delivery bond foi’feited and judgment on the delivery bond without notice; then execution on that void judgment levied on land which was a satisfaction; then a judgment of revocation, and judgment anew without notice, under the act of 7th January, 1843. That, upon the death of Brown, this last judgment anew was revived by scire facias in the name of the plaintiff below, as his administrator: and, after the revival, execution was again issued, and levied on personal property of the defendants, to retain the possession of which until the day of sale, they were forced to give the delivery bond now sued upon. The court below, on consideration of this motion, appears to have quashed and set aside all the proceedings had, and all the executions issued on the judgment of revocation, and the judgment anew. The correctness of this judgment is not now before us, and we cannot review it as a part of the proceedings in the action on the delivery bond. As an independent motion or proceeding, the defendants were entitled to the judgment of the court upon it, and if sustained so as to render void or inoperative, the contract sued upon, they might have availed themselves of the defence by plea, if made in apt time or by the leave of the court. The court below, upon this motion, did not set aside the default, and appear to have considered the application as a motion to quash certain proceedings. The record states that the defendants then offered to file several pleas, which the court refused to permit, to which they excepted setting out the pleas, and this refusal of the court to allow them to plead, is the error here complained of. The first plea was payment of the sums of money mentioned in the condition of the delivery bond with all interest and costs, &c. The second plea was a recital of all the proceedings had, commencing with the judgment on the first forfeited delivery bond in 1841, the judgment of revocation and judgment anew, the issuance and levy of various executions, the revival in the name of the administrator, the issuance of the last execution and the giving of the delivery bond now in suit: the legal conclusions of this plea would seem to be, that the levy on land by the execution on a previous judgment was a satisfaction of the debt, that the execution and judgment mentioned in the delivery bond now in suit were void, and were nullities, and that the judgment upon the last execution was rendered without jurisdiction of the subject matter, or of the parties to it—concluding with a verification by the record. The third plea alleged that the defendants did safely deliver to the sheriff the property mentioned in the. delivery bond, without injury or waste, at the time and place specified, as they were required to do by the condition of the bond. The matter set up in the first and third pleas, must be regarded as meritorious defences, .and if presented with an affidavit of their truth,, and a showing of excuse for not before appearing, it would have been the duty of the court below, upon the application. of the defendants, to have set aside the default, and permit the pleas to be entered, and terms should have been imposed on them according as they did not fully purge themselves of the contempt implied in not before appearing. As a general rule, the court would not irrevocably close the door against a defendant whose rights are supposed to' be forever concluded by the judgment, if, at any stage of the proceedings, he will show to the court that he has a just defence; and the terms imposed are designed as a penalty upon- the defendant for being, in contempt, or as a compensation to- the plaintiff for the delay and hindrance which the laches of the defendant may have occasioned. But where the defendant is in default, the- court may and ought to require some satisfactory showing, by affidavit or proof, that he has a meritorious defence. In this case, no such affidavit was made, and, in the face of a rule of practice so well established and understood, we must intend that the pleas thus sought to be interposed, were a mere sham and a pretence. We cannot know whether the second plea is true or not, because the matters of record to which it refers, are not before us, and if portions of them are copied into the transcript, we cannot regard them as forming a part of it, because they are not made so by bill of exceptions or otherwise; and it is therefore not necessary for us to examine the legal sufficiency of this plea. Inasmuch as this court have, heretofore, in various cases, reviewed the proceedings of the circuit court for the erroneous exercise of its discretion, in respect of matters which, in England and other States, are held to be purely matters of discretion and not examinable for error, we do not now discuss any such question. We are satisfied that the court below properly exercised its discretion in refusing to admit the pleas without any affidavit of merits; and in the absence of any excuse for the default, and that the judgment ought to be affirmed.